## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) USA REGROWTH, LLC, <br> (2) SARANG, LLC, <br> (3) CAPITAL CONCEPTS NORTHWEST, LLC, (4) MYRTLE HILL, LLC, <br> (5) GHF INVESTMENTS, LLC, and <br> (6) JLO INVESTMENTS, LLC <br><br> Plaintiffs, <br><br> v. <br><br> (1) MIDAS INVESTMENTS, LLC, and <br> (2) CHAD BLACK, an individual, <br><br> Defendants. | Case No. CIV-19-24-HE |

## DEFENDANT, CHAD BLACK'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION

Chad Black ("Black" or "Defendant") responds to Plaintiffs' First Set of Interrogatories and Requests for Production (the "Discovery Requests") as follows:

### GENERAL STATEMENT AND OBJECTIONS

1. Black objects to the Discovery Requests to the extent they seek to impose obligations in excess of the requirements of the Federal Rules of Civil Procedure.

2. Black objects to the Discovery Requests that are not relevant to the subject matter of this proceeding or that are not reasonably calculated to lead to the discovery of admissible evidence.

3. Black objects to the Discovery Requests to the extent they: (a) seek information or documents protected by the attorney-client privilege, (b) seek information

acts committed by Black. Plaintiffs did not act timely to bring this action. Many of the affirmative defenses contain legal information which Black is not qualified to interpret or comment upon.

**INTERROGATORY NO. 4(24-44):** Identify any documents you believe support the Affirmative Defenses stated in your Answer filed in the above-styled case on February 14, 2019 [Doc. 16].

**ANSWER TO INTERROGATORY NO. 4:** Objection. This Interrogatory actually constitutes twenty (20) separate Interrogatories and is overly broad in scope and time. Plaintiff has submitted over 70 Interrogatories which is 40 more than allowed by the Federal Rules of Civil Procedure. Discovery has just begun, and Black anticipates that many of the documents that support his defenses are in the custody of Plaintiffs and others. Without waiving any objection and in a good faith effort to avoid discovery disputes, Black states that the answer to these Interrogatories may be derived or ascertained from the business records of Midas which it previously produced with its Rule 26 disclosures. In addition, Plaintiffs have issued a Subpoena Duces Tecum to Melissa Steely seeking many of the same documents which Plaintiffs request Black to identify here. Black will allow Plaintiffs to review and copy any additional responsive and non-objectionable documents at a mutually agreeable time once discovered and to the extent not previously produced. Many of the affirmative defenses contain legal information which Black is not qualified to interpret or comment upon and therefore he is unable to identify further documents at this time.

**INTERROGATORY NO. 5:** Identify all banking transactions, cash transactions and/or wire transfers between you and Plaintiffs from December 1, 2016 to present date.

**ANSWER TO INTERROGATORY NO. 5:** None. All transactions with Plaintiffs were through Midas.

**INTERROGATORY NO. 6:** Identify all banking transactions, cash transactions and/or wire transfers relating to the Properties between you and any other party, including date(s) of transaction(s), amount and recipient(s) from December 1, 2016 to present date.

**ANSWER TO INTERROGATORY NO. 6:** None. All transactions with Plaintiffs were through Midas.

**INTERROGATORY NO. 7:** Identify and describe all of your duties and responsibilities at Midas Investments, LLC from December 1, 2016 to present date.

**ANSWER TO INTERROGATORY NO. 7:** In early 2016 Black was involved in the day-to-day operations of Midas Investments, LLC as a Member and Manager. Since late 2016 Midas Investments, LLC has retained Alyssa Dyer, John Hodson, and Melissa Steely to assist with running the daily operations of the company.

**INTERROGATORY NO. 8:** Describe in detail your role in generating, obtaining and/or approving work orders, invoices, receipts, estimates, project timelines, purchase orders, change orders, contractor agreements, and/or appraisals, including identifying the names and positions of any/all involved employees and any/all related software systems, spreadsheets or documents.

**ANSWER TO INTERROGATORY NO. 8 (48-60):** Objection. This Interrogatory actually constitutes twelve (12) separate Interrogatories, is vague, overly