## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) USA REGROWTH, LLC,<br>(2) SARANG, LLC,<br>(3) CAPITAL CONCEPTS NORTHWEST, LLC, (4) MYRTLE HILL, LLC,<br>(5) GHF INVESTMENTS, LLC, and<br>(6) JLO INVESTMENTS, LLC<br><br>          Plaintiffs,<br><br>v.<br><br>(1) MIDAS INVESTMENTS, LLC, and<br>(2) CHAD BLACK, an individual,<br><br>          Defendants. | Case No. CIV-19-24-HE |

### DEFENDANT, MIDAS INVESTMENTS, LLC'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION

Midas Investments, LLC ("Midas" or "Defendant") responds to Plaintiffs' First Set of Interrogatories and Requests for Production (the "Discovery Requests") as follows:

### GENERAL STATEMENT AND OBJECTIONS

1. Midas objects to the Discovery Requests to the extent they seek to impose obligations in excess of the requirements of the Federal Rules of Civil Procedure.

2. Midas objects to the Discovery Requests that are not relevant to the subject matter of this proceeding or that are not reasonably calculated to lead to the discovery of admissible evidence.

3. Midas objects to the Discovery Requests to the extent they: (a) seek information or documents protected by the attorney-client privilege, (b) seek information

bring this action. Many of the affirmative defenses contain legal information which Midas (through its representatives) is not qualified to interpret or comment upon.

**INTERROGATORY NO. 4 (24-44):** Identify any documents you believe support the Affirmative Defenses stated in your Answer filed in the above-styled case on February 14, 2019 [Doc. 16].

**ANSWER TO INTERROGATORY NO. 4:** Objection. This Interrogatory actually constitutes twenty (20) separate Interrogatories and is overly broad in scope and time. Plaintiff has submitted over 81 Interrogatories which is 56 more than allowed by the Federal Rules of Civil Procedure. Discovery has just begun, and Midas anticipates that many of the documents that support its defenses are in the custody of Plaintiffs and others. Without waiving any objection and in a good faith effort to avoid discovery disputes, Midas states that the answer to these Interrogatories may be derived or ascertained from the business records of Midas which it previously produced with its Rule 26 disclosures. In addition, Plaintiffs have issued a Subpoena Duces Tecum to Melissa Steely seeking many of the same documents which Plaintiffs request Midas to identify here. Midas will allow Plaintiffs to review and copy any additional responsive and non-objectionable documents at a mutually agreeable time once discovered and to the extent not previously produced. Many of the affirmative defenses contain legal information which Midas (through its representatives) is not qualified to interpret or comment upon and therefore it is unable to identify further documents at this time.

**INTERROGATORY NO. 5 (45-51):** Identify all current members of Midas Investments, LLC, and for each member identify how many units were issued, when the

Plaintiff has submitted over 81 Interrogatories which is 56 more than allowed by the Federal Rules of Civil Procedure. The Interrogatory seeks confidential and proprietary information and violates Midas right to financial privacy. Without waiving any objection, answers to these Interrogatories may be derived or ascertained from business records of Midas which it previously produced with its Rule 26 disclosures. In addition, Plaintiffs have issued a Subpoena Duces Tecum to Melissa Steely seeking many of the same documents which Plaintiffs request Midas to identify here. Plaintiffs have admitted that the information sought by this Interrogatory is overly broad. Midas will allow Plaintiffs to review and copy any additional responsive and non-objectionable documents at a mutually agreeable time following the entry of an appropriate Protective Order.

**INTERROGATORY NO. 7 (55-58):** Identify all banking transactions, cash transactions and/or wire transfers relating to the Properties between Midas Investments, LLC and any other party, including date(s) of transaction(s), amount and recipient(s) from December 1, 2016 to present date.

**ANSWER TO INTERROGATORY NO. 7:** Objection. This Interrogatory actually constitutes at least four (4) separate Interrogatories, is overly broad in scope and time, and not calculated to lead to the discovery of admissible evidence. Plaintiff has submitted over 81 Interrogatories which is 56 more than allowed by the Federal Rules of Civil Procedure. In addition, this Interrogatory is vague and oppressive in that Midas does not know what is intended by "relating to" the Properties. This could involve thousands of documents to be reviewed to determine which "relate to" the Properties. Without waiving any objection and in a good faith to avoid discovery disputes,

much of the information requested in these Interrogatories may be derived or ascertained from business records of Midas which it previously produced with its Rule 26 disclosures. In addition, Plaintiffs have issued a Subpoena Duces Tecum to Melissa Steely seeking many of the same documents which Plaintiffs request Midas to identify here. Plaintiffs have admitted that the information sought by this Interrogatory is overly broad. Midas will allow Plaintiffs to review and copy any additional responsive and non-objectionable documents at a mutually agreeable time following the entry of an appropriate Protective Order.

**INTERROGATORY NO. 8 (59):** Identify and describe all of the duties and responsibilities of Chad Black at Midas Investments, LLC from December 1, 2016 to present date.

**ANSWER TO INTERROGATORY NO. 8:** In early 2016 Black was involved in the day-to-day operations of Midas Investments, LLC as a Member and Manager. Since late 2016 Midas Investments, LLC has retained Alyssa Dyer, John Hodson, and Melissa Steely to assist with running the daily operations of the company.

**INTERROGATORY NO. 9 (60-72):** Describe in detail the internal processes used by Midas Investments, LLC for generating, obtaining and/or approving work orders, invoices, receipts, estimates, project timelines, purchase orders, change orders, contractor agreements, and/or appraisals, including identifying the names and positions of any/all involved employees and any/all related software systems, spreadsheets or documents.

**ANSWER TO INTERROGATORY NO. 9:** Objection. This Interrogatory actually constitutes twelve (12) separate Interrogatories, is vague, overly

Midas to identify here. Midas will make a further search if Plaintiffs can better define the documents requested and reasonable search parameters for ESI.

**REQUEST FOR PRODUCTION NO. 4:** Produce all organizational records for Midas Investments, including but not limited to Operating Agreement, Articles of Organization, unit certificates and ledgers, members and/or manager meeting minutes, from formation to present date.

**RESPONSE TO REQ. NO. 4:** Objection. This Request is overly broad in scope and time, and constitutes numerous separate Requests accumulated within what purports to be a single Request. The Request is not calculated to lead to the discovery of admissible evidence. Without waiving any objection, Midas will allow Plaintiffs access to review and copy responsive and non-objectionable documents at a mutually agreeable time.

**REQUEST FOR PRODUCTION NO. 5:** Produce the following financial documents relating to Midas Investments for the years 2016, 2017 and 2018:

  a) All QuickBooks;

  b) All balance sheets;

  c) All profit and loss statements;

  d) All income statements;

  e) All operating statements;

  f) All bank statements and bank reconciliations;

  g) All accounts receivable;

    h) All accounts payable; and

    i) All annual budgets.

**RESPONSE TO REQ. NO. 5:** Objection. This Request constitutes numerous separate Requests accumulated within what purports to be a single Request. This Request is overly broad in scope and time and is not calculated to lead to the discovery of admissible evidence. Plaintiffs are essentially requesting all financial information of Midas relating to any matter whatsoever, for a three-year period, whether or not the information relates to the properties at issue in this litigation. Clearly Plaintiffs are embarking upon a fishing expedition with these Requests which are intended to be oppressive and to harass Midas. These Requests seek confidential, proprietary and trade secret information, and they violate Midas right to financial privacy. Without waiving any objection, Midas has previously produced with its Rule 26 disclosures financial and other documents related to the Properties at issue in this litigation which it located during an extensive search. Plaintiffs have previously admitted that the information sought by these Requests is overly broad.

**REQUEST FOR PRODUCTION NO. 6:** Produce all state and federal income tax returns for Midas Investments for the years 2016, 2017 and 2018.

**RESPONSE TO REQ. NO. 6:** Objection. This Request is overly broad in scope and time and is not calculated to lead to the discovery of admissible evidence. Plaintiffs are embarking on a fishing expedition with this Request, which seeks confidential