# EXHIBIT 6

AO 88B  (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Western District of Oklahoma

| | |
|---|---|
| (1) USA Regrowth, LLC, et al. | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.   CIV-19-24-HE |
| (1) Midas Investments, LLC, et al. | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:         JPMorgan Chase Bank, N. A.
National Subpoena Processing, 7610 West Washington St., Indianapolis, IN 46231

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:        See Exhibit "A", attached.

| Place: c/o Jacqueline M. McCormick | Date and Time: |
|---|---|
| Hall Estill, 100 N. Broadway, Suite 2900 | |
| Oklahoma City, OK 73102 | 08/09/2019 5:00 pm |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

| *CLERK OF COURT* | |
|---|---|
| _____ | OR   *J McCormick* |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Plaintiffs
USA Regrowth, LLC, et al. _____ , who issues or requests this subpoena, are:
Daniel V. Carsey and Jacqueline M. McCormick, 100 N. Broadway, Suite 2900, Oklahoma City, OK 73102.
dcarsey@hallestill.com, jmccormick@hallestill.com (405) 553-2313.

**Notice to the person who issues or requests this subpoena**
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

**EXHIBIT 6**

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   CIV-19-24-HE

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

# EXHIBIT 6

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
   (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
   (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*
   (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
   (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
   (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**EXHIBIT 6**

## EXHIBIT A

As used herein, the following terms have the meanings set forth below and require in certain instances that you set forth specified information:

### A.   DEFINITIONS

1.      "You," "you" and "yours" each refer to J.P. Morgan Chase Bank, N.A. and all other persons acting on behalf of J.P. Morgan Chase Bank, N.A.in any capacity.

2.      Whenever a noun appears, it shall be construed either to be singular or plural in order to bring within the scope of the Subpoena Duces Tecum any information which might otherwise be construed to be outside their scope.

3.      "And" as well as "or" shall be construed either disjunctively or conjunctively in order to bring within the scope of the Subpoena Duces Tecum any information which might otherwise be construed to be outside their scope.

4.      "Document" means a written, printed, typed or graphic matter, electronic facsimile, computer storage device, electronic message, or any other media, of any kind or description, in its entirety, including records and other data compilations from which information can be obtained or translated (if necessary) through detection devices into usable form, and further including any addenda, supplements, amendments, revisions, exhibits and appendices thereto, in their original form (or copies thereof where originals are unavailable), together with any copies thereof bearing notations, memoranda or other written information not on the original. The term "document" includes, but is not limited to, the following media: writings, objects, drawings, graphs, charts, books, papers, notes, pamphlets, notebooks, correspondence, telegrams, telecopied or telefacsimiled materials, telex messages, mailgrams, files, file folders, notes, or tapes or memoranda or any type of statement of a prospective witness or of an oral communication, meeting or conference, minutes of meetings, memoranda, interoffice and intraoffice communications, studies, analyses, photographs, motion picture films, phonograph records, tape recordings, video recordings, illustrations, publications, diagrams, results of investigations, reviews, contracts, licenses, leases, letters, agreements, mortgages, promissory notes, insurance policies, trusts, retirement plans, employee benefit plans, ledgers, books of account, vouchers, bank checks and drafts, invoices, charge slips, tickets, receipts, working paper, statistical records, costs sheets, stenographers notebooks, calendars, appointment books, diaries, time sheets, logs, maps, computer software, computer input data, computer output data, computer runs, worksheets, work papers or similar materials (including all documents submitted to your accountants or submitted by your accountants to you) and all other media containing information responsive to this Subpoena Duces Tecum.

**EXHIBIT 6**

5.　　"Person" includes any natural person, firm, association, partnership, joint venture, corporation, institution, trust, governmental or quasi-governmental body, and any other group, combination or entity.

6.　　"Present date" refers to the date you are served with this Subpoena Duces

Tecum.

7.　　"Relating to," "relate to," "pertaining to" or "pertain to" shall mean constituting, mentioning, containing, discussing, embodying, reflecting, identifying, stating, referring to or in any way relevant to the subject matter of this request.

8.　　The terms "communicate," "communication," and "contact," as used in this request, mean any written oral, facsimile, electronic, computerized, or telephonic transmittal of information in the form of facts, ideas, inquiries, or otherwise, whether in person, by or through an agent or representative, or any other means.

9.　　"Midas Investments," as used in this request, refers to Midas Investments, LLC, together with its attorneys, investigators, representatives, officers, members, employees, servants, agents, consultants, relatives, and all other persons acting on behalf of Midas Investments, LLC in any capacity.

10.　　"Black," as used in this request, refers to Chad Michael Black, together with his attorneys, investigators, representatives, officers, members, employees, servants, agents, consultants, relatives, and all other persons acting on behalf of Chad Michael Black in any capacity.

11.　　The time period for all things requested herein shall be January 1, 2016 to present unless specifically stated otherwise in a request herein.

## EXHIBIT 6

**YOU ARE HEREBY COMMANDED TO PRODUCE THE FOLLOWING:**

Documents and electronically stored information that constitute, evidence, reference or relate to **Midas Investments, LLC**, to wit:

1.  A list of all accounts of Midas Investments, LLC and accounts on which Midas Investments, LLC is an authorized signer at your institution, including but not limited to Account No. ████8161. With respect to each account, specifically list:

    a.  The name(s) that the account is held under;
    b.  Those persons authorized to sign on the account; and
    c.  The account number.

2.  Copies of all monthly statements for each of the above accounts for the time period of January 1, 2016 to present, including images of all checks and deposit slips.

3.  All account documents, including original signature cards and all amendments or account changes, for each of the above accounts.

4.  A complete list of all loans for which Midas Investments, LLC has been a borrower, co-signor, or guarantor:

    a.  The date the loan was made;
    b.  The original amount of the loan;
    c.  The purpose of the loan;
    d.  Whether the loan was for business or personal use;
    e.  The terms of payment;
    f.  The current status of loan payments;
    g.  The interest rate of the loan.

5.  Copies of loan documents for each of the above loans from January 1, 2016 to present.

6.  Provide a copy of any Financial Statement(s) prepared by Midas Investments, LLC and delivered to your institution from January 1, 2016 to present.

Documents and electronically stored information that constitute, evidence, reference or relate to **Chad Michael Black**, to wit:

7.  A list of all accounts of Chad Michael Black and accounts on which Chad Michael Black is an authorized signer at your institution. With respect to each account, specifically list:

**EXHIBIT 6**

    a.  The name(s) that the account is held under;
    b.  Those persons authorized to sign on the account; and
    c.  The account number.

8.  Copies of all monthly statements for each of the above accounts for the time period of January 1, 2016 to present, including images of all checks and deposit slips.

9.  All account documents, including original signature cards and all amendments or account changes, for each of the above accounts.

10. A complete list of all loans for which Chad Michael Black has been a borrower, co-signor, or guarantor:

    a.  The date the loan was made;
    b.  The original amount of the loan;
    c.  The purpose of the loan;
    d.  Whether the loan was for business or personal use;
    e.  The terms of payment;
    f.  The current status of loan payments;
    g.  The interest rate of the loan.

11. Copies of loan documents for each of the above loans from January 1, 2016 to present.

12. Provide a copy of any Financial Statement(s) prepared by Chad Michael Black and delivered to your institution from January 1, 2016 to present.