

1503 East 19th Street
Edmond, OK 73013

www.oklawpartners.com

(405) 340-1900
(405) 340-1001 fax

Terry Stokes
Writer's Direct Line: (405) 705-1118
Email: tstokes@oklawpartners.com

July 30, 2019

**DELIVERED VIA EMAIL ONLY**:
jmccormick@hallestill.com / dcarsey@hallestill.com
Jacqueline M. McCormick, Esq.
HALL, ESTILL, HARDWICK,
GABLE, GOLDEN & NELSON, P.C.

    Re: *USA Regrowth LLC et al v. Midas Investments LLC et al.*
       Case No. CIV-19-24-HE; Western District of Oklahoma

Ms. McCormick:

  On July 19, 2019 you signed, filed and served upon us a Notice and Subpoena you issued to J.P. Morgan Chase, N.A. The Subpoena is problematic for several reasons as set forth below. Please accept this letter as Defendants' objection to the subpoena issued to J.P. Morgan Chase, N.A. in accordance with Federal Rule of Civil Procedure 45(d)(2)(B).

  First, it does not appear we were provided with prior notice and copy of the subpoena as required by Federal Rule of Civil Procedure 45(a)(4) and Local Rule 45.1(a). The local rule requires such materials to have been filed and delivered to us at least seven (7) days prior to service of the Subpoena. While we cannot determine what date you have attempted service, if you proceeded on the 19th then you violated the rules. Please provide us with the date you attempted service of this Subpoena Duces Tecum so we can determine whether the rules were complied with.

  Second, the specific requests to J.P. Morgan Chase, N.A. are overly broad in scope and time, violate the rights of Mr. Black and Midas to financial privacy and generally do not appear calculated to lead to the discovery of admissible evidence. Additionally, the Requests are oppressive, and present financial and other hardships on J.P. Morgan Chase, N.A. and the Defendants.

Ms. McCormick, Esq.
July 29, 2019
Page 2

In addition to the foregoing general objections applicable to each Request, Defendants specifically object to each individual Request as follows:

**Request Nos. 1-3:** These Requests essentially seek each and every document or thing containing any financial information of Midas (including any attorneys, investigators, representatives, officers, members, employees, servants, agents, consultants, relatives, and all other persons acting on behalf of Midas) for the past three years without a protective order or any effort to limit the production to matters at issue in the litigation. These requests are not calculated to lead to the discovery of admissible evidence and, even if they are so proven, they are unreasonably burdensome and violate Defendants' right to financial privacy.

**Request Nos. 4-5:** These Request all information on all loans for which Midas was a borrower, co-signor or guarantor with no temporal restraints, and copies of any loan documents from the past three years. These Requests seek information unrelated to matters at issue in the litigation and make no effort to limit the production. These requests are not calculated to lead to the discovery of admissible evidence and even if they are so proven, they are unreasonably burdensome and violate Defendants' right to financial privacy.

**Request No. 6:** This Request seeks similar protected information as Request Nos. 1-2. This Request seeks a copy of any Financial Statement prepared by Midas and delivered to J.P. Morgan Chase, N.A. with no effort to limit the production to matters at issue in the litigation. This Request is not calculated to lead to the discovery of admissible evidence and is unreasonable.

**Request No. 7-9:** These Requests essentially seek each and every document or thing containing any financial information of Chad Black (including any attorneys, investigators, representatives, officers, members, employees, servants, agents, consultants, relatives, and all other persons acting on behalf of Midas) for the past three years without a protective order or any effort to limit the production to matters at issue in the litigation. These requests are not calculated to lead to the discovery of admissible evidence and even if they are so proven, they are unreasonably burdensome and violate Defendants' right to financial privacy.

**Request Nos. 10-11:** These Requests seek a complete list of all loans for which Chad Black was a borrower, co-signor or guarantor, with no temporal restraints, and copies of any loan documents from the past three years. These Requests seek information unrelated to matters at issue in the litigation and make no effort to limit the production. These requests are not calculated to lead to the discovery of admissible evidence and even if they are so proven, they are unreasonably burdensome and violate Defendants' right to financial privacy.

**Request No. 12:** This Request seeks similar protected information as Request No. 6 for Midas. This Request seeks a copy of any Financial Statement prepared by Chad Black and delivered to J.P. Morgan Chase, N.A. These requests are not calculated to lead to the discovery of admissible evidence and even if they are so proven, they are unreasonably burdensome and violate Defendants' right to financial privacy.

Ms. McCormick, Esq.
July 29, 2019
Page 3

FRCP 45(d)(1) imposes upon counsel the duty to take "reasonable steps to avoid imposing undue burden or expense" on J.P. Morgan Chase, N.A. We believe the Subpoena violates this provision. The foregoing are the same issues I understood we resolved with Mr. Comarda after the last Subpoena was issued. Can you explain why we are having to revisit the same issues in another Subpoena to another third party?

If you served this Subpoena Duces Tecum on any other address other than the one provided on your Subpoena, please let us know so that we may notify J.P. Morgan Chase, N.A. of these objections and advise that, in accordance with FRCP 45, it is not to respond unless or until it receives an order of the Court or confirmation that the issues addressed are resolved by written agreement between the parties. We trust you will also make efforts to notify the bank of this objection and that it should not produce documents until we reach a resolution.

In order to preserve costs and time, I propose a discovery conference to discuss and hopefully resolve the above issues. If you agree, please propose several alternatives for times to conduct such conference.

I look forward to hearing from you soon but in any event before the date of the required response from J.P. Morgan Chase, N.A.

Sincerely,

Terry Stokes